*951 OPINION.
Siefkin:
The petitioner, on the one hand, contends that the sum of $808.78 is a business expense and so properly deductible. The respondent, on the other hand, points to section 215 (a) (4) of the Bevenue Act of 1924, which provides that in computing net income no deduction shall in any case be allowed in respect of—
Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a honeficiary under such policy. (Italics supplied.)
and also to section 215 (a) (1), which prohibits a deduction for “ Personal, living or family expenses.”
We have here a different situation from that which we considered in J. E. Chandler, 3 B. T. A. 146, and in Joy Floral Co., 7 B. T. A. 800, where the insurance policies were used as security for a loan. Here we have a situation in which each of three partners has his life insured and immediately assigns the policy to the partnership. By agreement the proceeds of the policy, in the event of death, are to be paid by the partnership to the estate of the deceased partner—
in full of his interest in the co-partnership assets and the interest of said decedent in such assets of the co-partnership including physical assets, good will, *952 and all uncompleted business and accounts receivable shall terminate with the death of said decedent and vest in and be the property of the surviving members of the co-partnership.
It is further provided that in the event of the termination of the partnership by mutual agreement or otherwise, prior to the death of any member, the cash surrender value of each of the policies was to be collected by the partnership and thereupon became an asset of the partnership, the right being reserved to each member to pay into the firm the cash surrender value of the policy on his life and to take over said policy.
It is further provided that upon the withdrawal of any member electing to have his share paid in cash, the remaining members might elect to continue the insurance on the withdrawing member for two years instead of assigning the policy to him on payment of the surrender value. In such a case, and if death of the withdrawing partner occurred within the two years, any balance after deducting premiums paid by the remaining members and sums paid to the withdrawing member in settlement was to be paid to the estate of the withdrawing partner.
Although it appears from the evidence that the agreement was made to facilitate settlement of claims of a deceased partner’s estate, it must be pointed out that no one of the partners knew whether he would be a surviving partner or would be known as “ the decedent ” when the event insured against occurred. Each was interested as much in seeing that his estate was paid a certain amount expeditiously if the policy on his life was the one which matured by death as he was in knowing that if he were one of the two survivors the firm might proceed without liability to the estate of the third above the amount of the policy on the life of the third. Each was protected, if he lived or if he died, and it is fair to assume that there was no overreaching on either side.
It has been assumed by both parties here, as it was assumed by the respondent in his determination of the case in the Bureau, that the premium of $808.78 was upon the petitioner’s life. We do not believe that to be the case, and we have found that amount to be the petitioner’s 40 per cent of the premiums upon the lives of himself, Bown, and Johnson. It is apparent, therefore, that the payment has a double character. To the extent of 40 per cent of $726.46 (the premium on the policy on his own life), the petitioner is paying for protection on his own life and his principal interest as to that must be for his estate. To the extent of the balance, he is paying for protection on the lives of his partners on the presumable theory that he, as a surviving partner, will benefit. Under such circumstances we can not say that the petitioner is not directly or indi *953 rectly a beneficiary of the policies of life insurance as to which he paid the premiums or that, if the benefit be construed to flow to his estate, the deduction is not a personal or family expense.

Judgment will be entered for the respondent.